UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MYAH VIGEANT<br>Plaintiff | : | CASE NO. 3:25-cv-00534-SFR |
| v. | : | |
| HANWHA AEROSPACE USA LLC<br>Defendant | : | MAY 14, 2025 |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Hanwha Aerospace USA LLC ("Defendant"), by and through its attorneys, Jackson Lewis, P.C., submits its Answer and Affirmative Defenses in response to Plaintiff's Complaint dated March 4, 2025 as follows.

1. As to the allegations of Paragraph 1, Plaintiff is left to her proof.

2. Defendant admits that it is a limited liability company organized under the laws of Wisconsin with a principal business address of 5 McKee Place, Cheshire, Connecticut 06410.

3. Defendant admits the allegations of Paragraph 3.

4. Defendant admits the allegations of Paragraph 4.

5. Defendant admits the allegations of Paragraph 5.

6. Defendant admits that it hired Plaintiff on or about March 23, 2020. Defendant denies the remaining allegations of Paragraph 6.

7. Defendant admits that Plaintiff's job title at the time of hire was CNC Machinist 1.

8. Defendant denies the allegations of Paragraph 8.

9. Defendant admits the allegations of Paragraph 9.

10. Defendant admits the allegations of Paragraph 10.

11. Defendant admits that it previously employed James Vicki.

12. Defendant admits that Mr. Vicki was previously employed as a Continental Production Supervisor. To the extent the remaining allegations of Paragraph 12 asserts a legal conclusion, no response is required. If a response is required, all remaining allegations are denied.

13. Defendant admits the allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant admits that it employs Bill Prior. Defendant denies all remaining allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant admits that it employs an employee named Bart. Defendant denies the remaining allegations of Paragraph 19.

20. As to the allegations of Paragraph 20, Plaintiff is left to her proof.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant admits that Plaintiff spoke with Human Resources on or about March 3, 2023. Defendant denies the remaining allegations of Paragraph 22.

23. As to the allegations of Paragraph 23, Plaintiff is left to her proof.

24. Defendant admits that Plaintiff made a complaint to Defendant's Maintenance Manager. As to the remaining allegations of Paragraph 24, Plaintiff is left to her proof.

25. As to the allegations of Paragraph 25, Plaintiff is left to her proof.

26. As to the allegations of Paragraph 26, Plaintiff is left to her proof.

27. As to the allegations of Paragraph 27, Plaintiff is left to her proof.

28. As to the allegations of Paragraph 28, Plaintiff is left to her proof.

29. Defendant admits that it terminated Plaintiff's employment on or about July 27, 2023. Defendant denies the remaining allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

32. As to the allegations of Paragraph 32, Plaintiff is left to her proof.

33. As to the allegations of Paragraph 33, Plaintiff is left to her proof.

34. As to the allegations of Paragraph 34, Plaintiff is left to her proof.

35. As to the allegations of Paragraph 35, Plaintiff is left to her proof.

36. As to the allegations of Paragraph 36, Plaintiff is left to her proof.

37. As to the allegations of Paragraph 37, Plaintiff is left to her proof.

38. Defendant denies the allegations of Paragraph 38.

39. As to the allegations of Paragraph 39, Plaintiff is left to her proof.

40. As to the allegations of Paragraph 40, Plaintiff is left to her proof.

## FIRST COUNT

**(Hostile Work Environment/Sexual Harassment in Violation of C.G.S. § 46a-60(b)(8))**

1. Plaintiff repeats the allegations of Paragraph 1 through 40 in this Paragraph. Defendant therefore states that its answers to said Paragraph 1 through 40 are unchanged.

41. Defendant denies the allegations of Paragraph 41.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant denies the allegations of Paragraph 48.

49. Defendant denies the allegations of Paragraph 49.

50. Defendant denies the allegations of Paragraph 50.

**SECOND COUNT**

**(Retaliation in Violation of C.G.S. § 46a-60(b)(4))**

1. Plaintiff repeats the allegations of Paragraph 1 through 50 in this Paragraph. Defendant therefore states that its answers to said Paragraph 1 through 50 are unchanged.

51. Defendant denies the allegations of Paragraph 51.

a. Defendant denies the allegations contained in all subparagraphs of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52.

53. Defendant denies the allegations of Paragraph 53.

54. Defendant denies the allegations of Paragraph 54.

**THIRD COUNT**

**(Gender Discrimination in Violation of C.G.S. §46a-60(b)(1))**

1. Plaintiff repeats the allegations of Paragraph 1 through 54 in this Paragraph. Defendant therefore states that its answers to said Paragraph 1 through 54 are unchanged.

55. Defendant denies the allegations of Paragraph 55.

(a) – (e). Defendant denies the allegations in all subparagraphs of Paragraph 55.

56. Defendant denies the allegations of Paragraph 56.

57. Defendant denies the allegations of Paragraph 57.

58. Defendant denies the allegations of Paragraph 58.

59. Defendant denies the allegations of Paragraph 59.

**PRAYER FOR RELIEF**

Defendant denies the Plaintiff is entitled to judgment or the relief sought in the prayer for relief. Defendant denies the statements and allegations contained therein. Any allegation not specifically addressed herein is denied.

**AFFIRMATIVE DEFENSES[1]**

**FIRST DEFENSE (As to all Counts)**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

**SECOND DEFENSE (As to all Counts)**

All actions taken by Defendant with respect to Plaintiff's employment were undertaken in good faith and for legitimate business reasons and did not violate any right(s) that may be secured to Plaintiff under any federal, state or local laws, rules, regulations, guidelines or common law.

**THIRD DEFENSE (As to all Counts)**

Plaintiff did not suffer any damages legally attributable to any action by Defendant.

**FOURTH DEFENSE (As to all Counts)**

Plaintiff fails to state a claim in whole or in part upon which compensatory, punitive, attorney's fees, costs and/or any other damages may be awarded.

**FIFTH DEFENSE (As to all Counts)**

Even if Plaintiff suffered damages legally attributable to any action by Defendant, which she did not, Plaintiff's claims for damages are barred or reduced by her failure to mitigate

[1] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to any such matter.

her alleged damages, including by using reasonable diligence to seek and obtain comparable employment elsewhere.

**<u>SIXTH DEFENSE</u> (As to all Counts)**

To the extent Defendant discovers subsequent to Plaintiff's termination of employment that Plaintiff engaged in conduct which would have warranted her discharge under Defendant's policy or practice, any right of Plaintiff to recover damages beyond such date of discovery is cut off.

**<u>SEVENTH DEFENSE</u> (As to all Counts)**

Without conceding any wrongdoing or liability, even if Plaintiff's alleged protected class or alleged protected activity was a factor in any adverse employment decision affecting Plaintiff, which it was not, Plaintiff's claims for damages are barred in whole or in part because Defendant would have made the same decision irrespective of Plaintiff's protected class.

**<u>EIGHTH DEFENSE</u> (As to all Counts)**

Although Defendant denies that any actionable conduct occurred, Defendant asserts that it exercised reasonable care to prevent and correct promptly any harassing behavior, and that Plaintiff unreasonably failed to take advantage of any preventive and/or corrective opportunities offered by Defendant.

**<u>NINTH DEFENSE</u> (As to all Counts)**

To the extent Plaintiff complained to Defendant about alleged harassment and/or misconduct, Defendant took immediate and adequate steps to investigate Plaintiff's allegations.

**<u>TENTH DEFENSE</u> (As to all Counts)**

Plaintiff cannot demonstrate any severe and/or pervasive conduct that altered the conditions of her employment.

* * *

Defendant reserves the right to amend its Answer, to add additional or other Affirmative Defenses, delete or withdraw Affirmative Defenses, and to add others as they may become necessary after reasonable opportunity for discovery.

**DEFENDANT,**
**HANWHA AEROSPACE USA LLC**

By: */s/ Joseph W. Fazzino*
James F. Shea (ct16750)
james.shea@jacksonlewis.com
Joseph W. Fazzino (ct30878)
joseph.fazzino@jacksonlewis.com
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
P: (860) 522-0404
F: (860) 247-1330

**CERTIFICATION OF SERVICE**

This is to certify that on May 14, 2025 a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

*/s/ Joseph W. Fazzino*
Joseph W. Fazzino